HOUSING AUTHORITY OF THE CITY OF NEW HAVEN
*v.* DAWN MARTIN
(AC 26183)

McLachlan, Lavine and Dupont, Js.

Argued March 24—officially released June 6, 2006

*Robert W. Chesson*, with whom, on the brief, was *G. Adam Schweickert III*, for the appellant-appellee (plaintiff).

*Shelley White*, for the appellee-appellant (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, the housing authority of the city of New Haven, appeals from the judgment of the trial court rendered following the granting of the motion of the defendant, Dawn Martin, to strike all three

counts[1] of the plaintiff's summary process complaint for failure to state legally sufficient claims. The defendant has filed a cross appeal. On appeal, the plaintiff claims that the court improperly concluded that it had to allege that the defendant failed to remedy her violations of the lease agreement and General Statutes §§ 47a-11 and 47a-32 after she received her pretermination notice. On cross appeal, the defendant claims that the court improperly failed to dismiss the plaintiff's summary process complaint for lack of subject matter jurisdiction because the plaintiff's pretermination notice failed to comply with the requirements set forth in § 966.4 (l) (3) (ii) and (v) of title 24 of the Code of Federal Regulations. We agree with the plaintiff that a summary process complaint is not required to allege continuing violations, and we conclude that the pretermination notice satisfied the federal statutory and regulatory requirements. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.

The following procedural history and facts, taken from the plaintiff's pleadings, are relevant to our consideration of the claims presented in the plaintiff's appeal and the defendant's cross appeal. On or before January 1, 2004, the plaintiff and the defendant entered into a written lease agreement for the rental of an apartment in a public housing complex in New Haven. The lease provided for a term of one year, and it was to renew automatically for successive terms of one year unless terminated in writing. Andre Martin, the defendant's minor son, also lived in the apartment as a member of the household and was specifically named in the lease.

On May 2, 2004, Andre Martin was arrested and charged with the crimes of carrying a pistol without a

---

[1] The third count of the amended complaint alleged serious nuisance. The plaintiff has not briefed that issue, and it is deemed abandoned. See *Updike, Kelly & Spellacy, P.C.* v. *Beckett*, 269 Conn. 613, 642–43, 850 A.2d 145 (2004).

permit, conspiracy to commit reckless endangerment in the first degree, risk of injury to a child and unlawful discharge of a firearm. On that day, Andre Martin, Quinten McIntyre and Antoin Smalls were returning from a convenience store when two other individuals began chasing them and firing guns. Andre Martin, McIntyre and Smalls ran through the plaintiff's housing complex and returned gunfire. One of the bullets from the gunfight hit a nearby building, and one bullet entered a parked car. It was later determined that a child had been sitting just below the window through which one of the bullets had passed. Andre Martin and his two companions fled into an apartment in the complex and hid their guns in a heating vent. The police entered that apartment, located the weapons and arrested Andre Martin.

By notice dated June 19, 2004, the plaintiff advised the defendant that she had violated various provisions of her lease agreement and § 47a-11 by virtue of Andre Martin's actions. The notice provided that she could request a conference or grievance hearing, but that the plaintiff could decline to afford her a hearing because the violation involved criminal activity. Pursuant to the notice, the defendant requested a grievance hearing. The plaintiff denied her request by letter dated July 28, 2004. A notice to quit possession of the premises was served on the defendant on August 7, 2004, advising her that she had until August 13, 2004, by which to vacate the premises. The defendant remained in possession, and the plaintiff instituted a summary process action seeking judgment of possession against the defendant.

In the first count of the amended complaint, the plaintiff alleged that the defendant breached her lease agreement by allowing Andre Martin, a member of her household, to engage in criminal activity on or near the leased premises that threatened the health, safety and

the right to peaceful enjoyment of the plaintiff's property by other tenants and the plaintiff's employee. The second count alleged that the defendant violated §§ 47a-11 and 47a-32 by allowing Andre Martin to engage in conduct that constituted a nuisance. In both counts, it was alleged that the plaintiff had delivered a written notice of the breach that informed the defendant of her right to remedy the breach or to request a grievance hearing. In the first count, the plaintiff alleged that the defendant had requested a grievance hearing pursuant to her notice, but that the plaintiff properly denied that request. The plaintiff further alleged in both counts that it had served a notice to quit on the defendant on August 7, 2004, in which it notified her that she must vacate the premises on or before August 13, 2004, because of her violations of the lease agreement and statutes. The plaintiff's concluding allegation in both counts was that the defendant remained in possession of the leased premises past the date designated in the notice to quit.

By motion dated September 7, 2004, the defendant moved to dismiss the plaintiff's action, claiming that the pretermination notice served on her, a public housing tenant, failed to comply with the requirements of 24 C.F.R. § 966.4 *(l)* (3).[2] After a hearing, the court con-

[2] Section 966.4 *(l)* (3) of title 24 of the Code of Federal Regulations provides in relevant part: "(ii) The notice of lease termination to the tenant shall state specific grounds for termination, and shall inform the tenant of the tenant's right to make such reply as the tenant may wish. The notice shall also inform the tenant of the right (pursuant to § 966.4 (m) ) to examine PHA [public housing authority] documents directly relevant to the termination or eviction. When the PHA is required to afford the tenant the opportunity for a grievance hearing, the notice shall also inform the tenant of the tenant's right to request a hearing in accordance with the PHA's grievance procedure. . . .

"(v) When the PHA is not required to afford the tenant the opportunity for a hearing under the PHA administrative grievance procedure for a grievance concerning the lease termination . . . and the PHA has decided to exclude such grievance from the PHA grievance procedure, the notice of lease termination . . . shall: (A) State that the tenant is not entitled to a grievance hearing on the termination. (B) Specify the judicial eviction procedure to be used by the PHA for eviction of the tenant, and state that HUD [United States Department of Housing and Urban Development] has determined

cluded that "[w]hen read together, the pretermination notice dated June 19, 2004, and the letter dated July 28, 2004, substantially comply with the requirements of 24 C.F.R § 966.4 *(l)*. However, the July 28, 2004 letter is not part of the complaint. Therefore, the plaintiff is ordered to amend its complaint by October 15, 2004, to allege the July 28, 2004 letter and to attach a copy of the letter to the complaint as an exhibit. Upon the filing of the amendment, the motion to dismiss shall be denied." The plaintiff complied with the court's order on October 12, 2004.

After the plaintiff filed its amended complaint, the defendant filed a motion to strike all of the plaintiff's claims because the plaintiff did not allege that the defendant had failed to remedy the alleged lease and statutory violations within the time provided by General Statutes § 47a-15. The defendant claimed that the plaintiff's complaint, absent that allegation, failed to state a legally sufficient cause of action. The plaintiff claimed that the defendant's breach was not subject to the cure provisions of the statute. In its memorandum of decision filed November 19, 2004, the court concluded that a landlord in a summary process action must allege that it complied with the pretermination notice requirements *and* that the tenant failed to cure the alleged violations within the period provided by statute in order to effectuate the legislative purpose of § 47a-15. Accordingly, the court granted the defendant's motion to strike and thereafter rendered judgment in favor of the defendant. This appeal and cross appeal followed.

I

In her cross appeal, the defendant claims that the plaintiff's pretermination notice failed to satisfy the

that this eviction procedure provides the opportunity for a hearing in court that contains the basic elements of due process as defined in HUD regulations. (C) State whether the eviction is for a criminal activity as described in § 966.51 (a) (2) (i) (A) or for a drug-related criminal activity as described in § 966.51 (a) (2) (i) (B). . . ."

requirements of 24 C.F.R. § 966.4 *(l)* (3). Specifically, the defendant argues that the plaintiff failed to provide the requisite information concerning her rights to a grievance hearing in the notice dated June 19, 2004. In a summary process action, the landlord must comply with all applicable preconditions set by state and federal law for the termination of a lease. "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action." *Bridgeport* v. *Barbour-Daniel Electronics, Inc.*, 16 Conn. App. 574, 582, 548 A.2d 744, cert. denied, 209 Conn. 826, 552 A.2d 432 (1988). Because a challenge to the trial court's jurisdiction is a threshold matter to our resolution of the claims on appeal, we address this claim first. See *Kobyluck* v. *Planning & Zoning Commission*, 84 Conn. App. 160, 165, 852 A.2d 826, cert. denied, 271 Conn. 923, 859 A.2d 579 (2004).

When a defendant is a tenant of federally subsidized housing, federal law must be followed in addition to state law. See *Jefferson Garden Associates* v. *Greene*, 202 Conn. 128, 520 A.2d 173 (1987). Under federal law, 42 U.S.C. § 1437d *(l)* and 24 C.F.R. § 966.4 *(l)* (3), a landlord is required to issue a pretermination notice before commencing a summary process action. The defendant argues that the plaintiff failed to comply with 24 C.F.R. § 966.4 *(l)* (3) (v) because its pretermination notice of June 19, 2004, did not state unequivocally that the defendant was not entitled to a grievance hearing under the plaintiff's grievance policies.

The defendant's lease agreement specifically provided that a tenant may resolve problems with the plaintiff through the tenant grievance procedure "except for terminations for criminal or drug-related criminal activity." In the plaintiff's notice to the defendant dated June 19, 2004, the plaintiff informed the defendant of the specific conduct that allegedly violated certain enumerated provisions of the lease and statutes. Following

that recitation, the plaintiff notified the defendant: "If you wish to contest this claim . . . you have a right to discuss this matter at a private conference with the [plaintiff] or request a grievance hearing before an impartial person or panel. . . . Because the violation involves criminal activity, the [plaintiff] may decline to afford you a grievance hearing."

The defendant, through her counsel, did request a grievance hearing within the time provided for in the notice. By letter dated July 28, 2004, the plaintiff responded and denied the defendant's request. The letter specifically provided that the defendant was not entitled to a grievance hearing on this termination and that the judicial eviction procedure to be used would be a summary process action in the Housing Session of the Superior Court. The letter further stated that the procedure to be used provided an opportunity for a hearing in court and that the United States Department of Housing and Urban Development has determined that such a procedure satisfies due process requirements as set forth in its regulations. The letter concluded by informing the defendant that she had the right to make such reply as she wanted and that she had the right to examine and to copy documents directly relevant to the eviction.

The court, in denying the defendant's motion to dismiss, concluded that the notices of June 19 and July 28, 2004, considered together, satisfied the requirements of 24 C.F.R. § 966.4 *(l)* (3). The defendant argues that the court could consider only the information provided in the first notice because the federal regulations do not permit serial notices.[3] The defendant further argues that

---

[3] It is also the defendant's claim that all of the requisite information was not provided even if both notices are considered together. Specifically, the defendant argues that the second notice did not state that the proposed eviction was for serious criminal activity as defined in 24 C.F.R. § 966.51 (a) (2) (i) (A) or for a drug related criminal activity as defined in 24 C.F.R. § 966.51 (a) (2) (i) (B). The first notice, however, very clearly stated that the defendant's violation "involves criminal activity" and proceeded to enu-

the notice had to state unequivocally that the defendant had no right to a grievance hearing under the plaintiff's grievance policies. According to the defendant, the plaintiff did not comply with the federal regulation because its notice provided that the defendant could *request* a grievance hearing, thereby giving the plaintiff the option of granting or denying that request.

Significantly, the defendant cites no case law to support these arguments. No argument is made that the defendant was prejudiced in her defense of the summary process action because the requisite information was provided in two notices instead of one. The defendant received the first notice on or about June 19, 2004, which gave her the opportunity to request a grievance hearing, although the notice specifically stated that the plaintiff was not obligated to provide one. The defendant received the second notice, which denied her request for a hearing, on or about July 28, 2004. The regulation at issue does not provide that a public housing authority *cannot* conduct a grievance hearing if its policies do not require one. Under the circumstances of this particular termination, the fact that the plaintiff gave the defendant an opportunity to request a hearing when none was required and then denied that request when made did not deprive the defendant of any rights she had under the federal statutes or regulations. The defendant received all of the information that she was entitled to receive.

We conclude that, under the specific facts and circumstances of this case, the court properly determined

merate the crimes allegedly committed by Andre Martin. Even though there may not be perfect compliance with the language set forth in the federal regulation, "[w]hen good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." *Jefferson Garden Associates* v. *Greene*, supra, 202 Conn. 145.

that the plaintiff's pretermination notice complied with the requirements set forth in § 966.4 *(l)* (3) (ii) and (v) of title 24 of the Code of Federal Regulations.

## II

We next address the plaintiff's claim that the court improperly granted the defendant's motion to strike its complaint. Specifically, the plaintiff argues that the court improperly concluded that it had to allege that the defendant failed to remedy her violations of the lease agreement and §§ 47a-11[4] and 47a-32[5] after she received her pretermination notice. We agree.

The standard of review in an appeal from the granting of a motion to strike is well established. "Because a motion to strike challenges the legal sufficiency of a

[4] General Statutes § 47a-11 provides: "A tenant shall: (a) Comply with all obligations primarily imposed upon tenants by applicable provisions of any building, housing or fire code materially affecting health and safety; (b) keep such part of the premises that he occupies and uses as clean and safe as the condition of the premises permit; (c) remove from his dwelling unit all ashes, garbage, rubbish and other waste in a clean and safe manner to the place provided by the landlord pursuant to subdivision (5) of subsection (a) of section 47a-7; (d) keep all plumbing fixtures and appliances in the dwelling unit or used by the tenant as clean as the condition of each such fixture or appliance permits; (e) use all electrical, plumbing, sanitary, heating, ventilating, air conditioning and other facilities and appliances, including elevators, in the premises in a reasonable manner; (f) not wilfully or negligently destroy, deface, damage, impair or remove any part of the premises or permit any other person to do so; (g) conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32, or a serious nuisance, as defined in section 47a-15; and (h) if judgment has entered against a member of the tenant's household pursuant to subsection (c) of section 47a-26h for serious nuisance by using the premises for the illegal sale of drugs, not permit such person to resume occupancy of the dwelling unit, except with the consent of the landlord."

[5] General Statutes § 47a-32 provides: "In any action of summary process based upon nuisance, that term shall be taken to include, but shall not be limited to, any conduct which interferes substantially with the comfort or safety of other tenants or occupants of the same or adjacent buildings or structures."

pleading and, consequently, requires no factual findings by the trial court, our review . . . is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000).

In its memorandum of decision granting the motion to strike, the court concluded that in order to effectuate the legislative purpose of § 47a-15,[6] "the plaintiff in a

---

[6] General Statutes § 47a-15 provides in relevant part: "Prior to the commencement of a summary process action . . . if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than fifteen days after receipt of the notice. If such breach can be remedied by repair by the tenant or payment of damages by the tenant to the landlord, and such breach is not so remedied within such fifteen-day period, the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of damages and the tenant adequately remedies the breach within such fifteen-day period, the rental agreement shall not terminate; or (2) if substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to 47a-23b, inclusive. . . ."

summary process action may recover possession only when the requisite notice has been provided *and* (1) the defendant tenant has either failed to avail himself or herself of the opportunity to cure or (2) the same act or omission has recurred within six months of the giving of the pretermination notice. Therefore, the landlord must allege compliance with the pretermination notice *and* that the alleged violations continue after the cure period." (Emphasis in original.)

The court's decision necessarily assumes that all breaches are capable of being cured or remedied. The wording of the statute does not support that assumption. Section 47a-15 provides in relevant part that *"if the breach is remediable by repairs or the payment of damages* and the tenant adequately remedies the breach within such fifteen-day period, the rental agreement shall not terminate . . . ." (Emphasis added.) The statutory language clearly and unambiguously anticipates a situation in which a violation cannot be cured by the tenant. Otherwise, the statute simply would have stated that a lease will not terminate if the tenant remedies the designated breach within the fifteen day cure period.[7] For this reason alone, the court was incorrect when it concluded that a landlord always must allege compliance with the notice requirements *and* the failure of the tenant to remedy the violation after the cure period.

Moreover, even if a breach can be remedied, § 47a-15 simply does not require that the landlord plead that the violations continued after receipt of the pretermination notice. The statute indicates that the landlord *"shall deliver a written notice to the tenant"*; (emphasis added) General Statutes § 47a-15; specifying the breach or violation, that the tenant has fifteen days to remedy

---

[7] Because the statutory language is clear and unambiguous, we may not consider extratextual sources. See General Statutes § 1-2z.

the breach if it can be remedied and that the rental agreement shall not terminate if a breach is remedied within the cure period. Because the statute specifically provides that the landlord must deliver the pretermination notice specifying the acts or omissions claimed to be in violation of the lease, our case law has established that a landlord must plead compliance with the notice requirements in a summary process action. *Housing Authority* v. *Harris*, 225 Conn. 600, 605–606, 625 A.2d 816 (1993); *Jefferson Garden Associates* v. *Greene*, supra, 202 Conn. 142–45; *Kapa Associates* v. *Flores*, 35 Conn. Sup. 274, 278, 408 A.2d 22 (1979).

Although the statute provides that the rental agreement will not terminate if the tenant can and does remedy a breach within the fifteen day period, it does not *require* the landlord to do anything more than deliver the specified written notice. The statutory language places an obligation on the landlord to deliver the pretermination notice. In this case, the landlord has alleged that it did deliver the requisite pretermination notice. The notice claims that the tenant's breach is not remediable. We conclude therefore that there was no need to allege that there was a continuing violation. If a violation is not remediable, it is irrelevant if it continues.

If a tenant claims that a breach can be and has been remedied and is no longer continuing, the tenant should state those claims in a special defense to the summary process action.[8] Special defenses, including equitable defenses such as relief from forfeiture, are available to tenants in summary process proceedings. See *Fellows* v. *Martin*, 217 Conn. 57, 62–63, 584 A.2d 458 (1991); *Oakland Heights Mobile Park, Inc.* v. *Simon*, 36 Conn.

---

[8] This is consistent with Practice Book § 10-50, which provides in relevant part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ."

App. 432, 435, 651 A.2d 281 (1994). The tenant has not, in this case, raised such a special defense.

On the plaintiff's appeal, the judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.