## BRIDGESTONE REALTY CORPORATION *v.* YVANOBA SANTANA MENDOZA

Superior Court, Geographical Area No. 18 at Bantam
File No. CV-18-10682

Memorandum filed November 20, 2006

*W. Herbert Reckmeyer*, for the plaintiff.

*Rachel M. Baird*, for the defendant.

MARANO, J. The present case arises out of a summary process action brought by the plaintiff, Bridgestone Realty Corporation, seeking to evict the defendant, Yvanoba Santana Mendoza, because of her arrest for the sale of narcotics on May 4, 2006. On June 28, 2006, the plaintiff served a notice to quit possession requiring the defendant to vacate by July 12, 2006. The notice to quit also provides in pertinent part: "Bridgestone Realty Corporation hereby gives you notice that you are to quit possession . . . for the following reason: Serious nuisance . . . defined as 'conduct which presents an immediate and serious danger to the safety of other tenants or the landlord.' On May 4, 2006, the . . . Torrington Police Department arrested you and charged you with, among other charges, sale of [freebase] cocaine." The plaintiff did not serve a pretermination or a so-called *Kapa*[1] notice.

On July 19, 2006, the plaintiff filed a complaint against the defendant, alleging: "On May 4, 2006, defendant violated [General Statutes §] 47a-11 (g), 'conduct which presents an immediate and serious danger to the safety of other tenants or the landlord,' by being arrested for sale of [freebase] cocaine." On July 27, 2006, the defendant filed her motion to dismiss and a memorandum in support. On August 8, 2006, the plaintiff filed an objection to the motion to dismiss and a memorandum in opposition. The matter was heard on August 8, 2006.

I

DISCUSSION

Practice Book § 10-31 (a) provides in pertinent part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Subject matter jurisdiction is the court's power "to adjudicate the type of controversy presented by the action before

---

[1] *Kapa Associates* v. *Flores*, 35 Conn. Sup. 274, 408 A.2d 22 (1979).

it." (Internal quotation marks omitted.) *Vitale* v. *Zoning Board of Appeals*, 279 Conn. 672, 678, 904 A.2d 182 (2006). Once raised, the question of jurisdiction "must be answered before the court may decide the case"; (internal quotation marks omitted); *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 16 n.8, 901 A.2d 649 (2006); and "every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 778–79, 900 A.2d 1 (2006). A defective notice to quit is fatal to the court's power to hear the summary process action. *Housing Authority* v. *Martin*, 95 Conn. App. 802, 808, 898 A.2d 245, cert. denied, 280 Conn. 904, 907 A.2d 90 (2006).

The defendant has raised the jurisdiction issue by claiming that there is a defect in the notice to quit. The defendant argues that pursuant to the applicable eviction statute,[2] the act alleged comes under the definition of serious nuisance in General Statutes § 47a-15 (D) and does not fall under the definition of serious nuisance in § 47a-15 (C) as alleged. The defendant also argues that because the notice to quit does not adequately allege facts constituting a serious nuisance, the plaintiff must serve a pretermination notice consistent with the requirements under § 47a-15. The plaintiff argues in opposition that the act alleged fits within the definition of serious nuisance in § 47a-15 (C) and that service of a pretermination notice would imply that an arrest can be cured when, as a matter of law, it cannot.[3]

[2] General Statutes § 47a-23 (a) (1) (G) provides that when a lease terminates because of a "serious nuisance, as defined in section 47a-15" the landlord must provide the tenant with a notice to quit possession "at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy." General Statutes § 47a-23 (a).

[3] The plaintiff also argues that the defendant's motion is really a defense to the action. The plaintiff's objection ignores a vexing but common practice in the housing session for parties to "front-load all issues under the guise of jurisdiction." (Internal quotation marks omitted.) *Walsh* v. *Quiles*, Superior

## II

The present case involves a set of interrelated statutes. Section 47a-11 (g) provides that a tenant has a duty to "conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not . . . constitute . . . a serious nuisance, as defined in section 47a-15 . . . ." Section 47a-23 (a) (1) (G) provides that when a lease terminates because of a "serious nuisance, as defined in section 47a-15," the landlord "shall give notice to each lessee or occupant to quit possession . . . at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy." General Statutes § 47a-23 (a). Section 47a-15 exempts landlords from serving a pretermination notice where a tenant commits a serious nuisance. The statute provides in relevant part: "Prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed under [section] 47a-23 . . . to evict based . . . on conduct by the tenant which constitutes a serious nuisance . . . the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than fifteen days after receipt of the notice. . . ." General Statutes § 47a-15. The statute goes on to define serious nuisance in four ways, of which only two are implicated in the present case. Section 47a-15 (C) defines serious nuisance as "conduct which presents an immediate and serious danger to the safety of other tenants or the landlord" while § 47a-15 (D) defines it as "using the premises . . . for . . . the illegal sale of drugs . . . ."

No case law has addressed whether a landlord may apply § 47a-15 (C) to evict a tenant arrested off the

premises for the illegal sale of drugs. The legislative history is silent.[4] In resorting to statutory construction principles for landlord-tenant statutes, the "[court] must assume that the legislature intended a reasonable and rational result . . . ." (Internal quotation marks omitted.) *Kapa Associates* v. *Flores*, 35 Conn. Sup. 274, 279, 408 A.2d 22 (1979). The court need not determine whether § 47a-15 permits a landlord to evict under subdivision (C) on these facts. That determination on the merits is proper to make at trial. The motion to dismiss merely asks the court to find whether it is reasonable and rational that § 47a-15 (C) *could* apply to the circumstances in the present case. With no legal authority to prevent the court from indulging every presumption in favor of jurisdiction, the court finds that the definition of serious nuisance alleged by the plaintiff could apply to a tenant's arrest for the sale of freebase cocaine. Therefore, the plaintiff's notice to quit withstands the defendant's motion to dismiss.

### III

Because there may be circumstances where § 47a-15 (C) applies to a tenant's arrest, the plaintiff was not required to serve the defendant with a pretermination notice. Moreover, to require such service in the present case would be inconsistent with the Appellate Court's holding in *Housing Authority* v. *Martin*, supra, 95 Conn. App. 802. The court held that "[not] all breaches are capable of being cured or remedied [under § 47a-15]." Id., 813. Because the case involved an arrest, implicit in the holding is the plaintiff's argument, namely, that requiring a pretermination notice is futile because an arrest cannot be corrected. The plaintiff in the present case, therefore, is exempt from serving the

[4] See Public Acts 1986, No. 86-267, § 2; 29 H.R. Proc., Pt. 12, 1986 Sess., pp. 4471–78; 29 S. Proc., Pt. 9, 1986 Sess., pp. 3123–25 and 3178–79; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1986 Sess., pp. 820–25, 829, 832 and 845.

defendant with a pretermination notice and has sustained its burden of establishing subject matter jurisdiction. See *Goodyear* v. *Discala*, 269 Conn. 507, 511, 849 A.2d 791 (2004). For these reasons, the court denies the defendant's motion to dismiss.

Superior Court, Judicial District of Hartford
File No. CV-01-0807201S