GARDNER HEIGHTS HEALTH CARE CENTER, INC.
*v.* RICHARD J. KOROLYSHUN ET AL.
(AC 30097)

Bishop, Gruendel and Harper, Js.

Argued September 25—officially released October 27, 2009

*Noah J. Schafler*, for the appellant (named defendant).

*Mark S. Shipman*, with whom, on the brief, were *Rachel Kittredge Shipman* and *Mary Catherine Curran*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Richard J. Korolyshun[1] appeals from the order of the trial court denying his motion for attorney's fees. We affirm the judgment of the trial court.

On March 19, 2003, the defendant was appointed conservator of the estate of Jean Bartolucci, who was a patient at the plaintiff health care facility, Gardner Heights Health Care Center, Inc. Travelers Casualty & Surety Company of America (Travelers) issued a bond to the Probate Court to guarantee the defendant's performance as a conservator. Subsequently, the plaintiff brought this action against the defendant and Travelers, claiming that the defendant breached his fiduciary duties while acting as Bartolucci's conservator by, among other things, failing to obtain medicaid benefits for Bartolucci. The plaintiff also alleged that Travelers was liable as surety under the bond. The court rendered judgment in favor of the defendant and Travelers.

Thereafter, the defendant filed a motion for attorney's fees pursuant to General Statutes § 42-150bb, which provides in relevant part that "[w]henever any contract . . . to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully . . . defends an action . . . *based upon the contract*

---

[1] Travelers Casualty & Surety Company of America (Travelers) was also a defendant in this case. Because Travelers is not a party to this appeal, we refer to Korolyshun as the defendant in this opinion.

. . . ." (Emphasis added.) The underlying action here, however, was not such a contract action but was a claim of breach of fiduciary duty, which is a tort claim. See *Ahern* v. *Kappalumakkel*, 97 Conn. App. 189, 192 n.3, 903 A.2d 266 (2006). Accordingly, because § 42-150bb is not applicable to the action at hand, the court properly denied the defendant's motion for attorney's fees.

The judgment is affirmed.