SUBURBAN GREATER HARTFORD REALTY
MANAGEMENT CORPORATION *v.* ROBYN
JOHNSON EDWARDS
(AC 31016)

Gruendel, Beach and West, Js.

Argued April 15—officially released August 17, 2010

*Cecil J. Thomas*, with whom was *Wilfred Rodriguez*, for the appellant (defendant).

*W. Herbert Reckmeyer*, for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant, Robyn Johnson Edwards, appeals from the judgment of the trial court granting possession of the premises in favor of the plaintiff, Suburban Greater Hartford Realty Management Corporation, in its summary process action alleging serious nuisance pursuant to General Statutes § 47a-15 (C).[1]

---

[1] General Statutes § 47a-15 provides in relevant part: "Prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed . . . to evict based . . . on conduct by the tenant which constitutes a serious nuisance . . . the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than fifteen days after receipt of the notice. . . . For the purposes of this section, 'serious nuisance' means . . . (C) conduct which presents an immediate and serious danger to the safety of other tenants or the landlord . . . ."

On appeal, the defendant claims that the court lacked subject matter jurisdiction to render judgment pursuant to § 47a-15 (A) rather than § 47a-15 (C).[2] We agree and conclude that the court lacked subject matter jurisdiction.

The following facts, as found by the court, and procedural history are relevant. The plaintiff is the owner and landlord of an apartment complex known as Squire Village located at 64 Spencer Street in Manchester. John Hamill was a principal of the plaintiff and is referred to by the parties as the owner of the apartment complex. The defendant has been a tenant in Squire Village and has resided in apartment C of the complex for approximately ten years.[3]

On May 30, 2008, the defendant was angry because her toilet was not functioning properly, despite several visits by the plaintiff's maintenance workers. The defendant drove to the plaintiff's Manchester office, where she screamed, "I'm going to blow someone's f    ing head off . . . where's John Hamill?" The plaintiff's receptionist told the defendant that Hamill was not in the Manchester office and that he worked in the main office in East Hartford. The defendant responded: "Tell him I'm coming." The defendant then sped away in her car. The receptionist immediately called the East Hartford office to warn Hamill of the defendant's threat. She told Hamill that the defendant was on her way to see him and was in an " 'enraged' " state. She also called

---

[2] The defendant also claims that the proof offered by the plaintiff was insufficient to support the court's finding that her conduct constituted a serious nuisance under either § 47a-15 (A) or (C). We conclude that the court lacked subject matter jurisdiction to render judgment pursuant to § 47a-15 (A) because that subsection was not a ground stated in the notice to quit; therefore, we need not address this argument.

[3] The court granted the plaintiff possession of the defendant's apartment. The defendant has remained in the apartment during the pendency of this appeal.

the police because she was " 'definitely concerned that there was a problem there.' "

The defendant drove to the East Hartford office. When she arrived, she knocked on the door but was not allowed in. The defendant continued to knock on the door four or five additional times and each time was refused entry while Hamill waited for the police to arrive. Hamill was fearful because he could hear the defendant demanding to see him in a loud and angry voice. Shortly thereafter, the East Hartford police arrived and, after questioning the defendant, detained her until the Manchester police arrived and arrested her.

On June 4, 2008, the plaintiff caused a notice to quit possession to be served on the defendant.[4] Thereafter, on July 18, 2008, the plaintiff brought a summary process action seeking possession of the leased premises, and, in response, the defendant filed an answer. On September 3, 2008, the defendant filed a motion to dismiss the case for lack of subject matter jurisdiction. The court denied the defendant's motion to dismiss in an oral decision on October 7, 2008.

On December 1, 2008, a trial was held, and on April 24, 2009, the court ruled in favor of the plaintiff on its summary process action. The court found that "it [was] reasonable to conclude that the defendant's threat to inflict bodily harm, when uttered in a state of anger or rage by a person with no obvious limitation on the ability to carry out the threat, would lead a reasonable

---

[4] The notice to quit possession stated that the defendant's lease would terminate on June 17, 2008 for the following reason: "Serious nuisance. Specifically, violation of [§] 47a-15 (c) 'conduct which presents an immediate and serious danger to the safety of other tenants or the landlord.' On May 30, 2008, you went to the on-site property management office (Manchester, CT) and threatened to kill the owner. Later the same day, you went to the off-site property management office (East Hartford, CT) and again threatened to kill the owner. You were arrested while attempting to enter the East Hartford Office."

person to believe the threat was serious and would be carried out." On the basis of these findings, the court concluded that the plaintiff had proved, by a fair preponderance of the evidence, all of the elements of its serious nuisance claim and rendered judgment in favor of the plaintiff for immediate possession of the premises. The court echoed the language appearing in § 47a-15 (A), and the parties agree that the court found the elements of that subsection proved. The court's memorandum of decision did not find a violation of § 47a-15 (C).

The defendant claims that the court lacked subject matter jurisdiction to render judgment under § 47a-15 (A) because the plaintiff's notice to quit alleged only § 47a-15 (C) as a basis for eviction. The plaintiff contends, to the contrary, that the court applied the more stringent standard of proof articulated in § 47a-15 (A)[5] and found that all of the elements of that subsection were satisfied. The plaintiff therefore alleges that the court's finding was not erroneous, then, because the allegedly less demanding standard of proof in § 47a-15 (C) necessarily was satisfied. We agree with the defendant.

"We previously have articulated our standard of reviewing challenges to the trial court's subject matter jurisdiction in a summary process action on the basis of a defect in the notice to quit. Before the [trial] court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. . . . As a condition precedent to a summary process action, proper notice to quit [pursuant to General Statutes § 47a-23] is a jurisdictional necessity. . . . This court's review

---

[5] General Statutes § 47a-15 provides in relevant part: "For the purposes of this section, 'serious nuisance' means (A) inflicting bodily harm upon another tenant or the landlord or threatening to inflict such harm with the present ability to effect the harm and under circumstances which would lead a reasonable person to believe that such threat will be carried out . . . ."

of the trial court's determination as to whether the notice to quit served by the plaintiff effectively conferred subject matter jurisdiction is plenary." (Citations omitted; internal quotation marks omitted.) *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 388, 973 A.2d 1229 (2009).

Before addressing the specifics of the defendant's claims, it is helpful to identify the legal principles regarding summary process actions. "Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Internal quotation marks omitted.) *Housing Authority* v. *DeRoche*, 112 Conn. App. 355, 361–62, 962 A.2d 904 (2009).

Section 47a-15 generally provides for an abatement period in which the tenant can correct defects in behavior or in the premises. No such opportunity is required when the tenant has committed a "serious nuisance." Section 47a-15 defines four distinct categories of serious nuisance, including subparagraph (A), which the court found proved, and subparagraph (C), which was charged in the notice to quit.

Serious nuisance can be committed in one of four ways. See General Statutes § 47a-15. There must be sufficient information in the notice to quit to allow the defendant to defend against the action. *Housing Authority* v. *DeRoche*, supra, 112 Conn. App. 361–62. The notice to quit in this case refers only to the defendant's engaging in conduct that presents an immediate danger to other tenants or the landlord. See General Statutes § 47a-15 (C). The court's judgment in favor of

the plaintiff, however, rested on the conclusion that the defendant threatened to inflict bodily harm pursuant to § 47a-15 (A). The court has no jurisdiction to evict on a ground other than one charged in the notice to quit. See *Vogel* v. *Bacus*, 133 Conn. 95, 97–98, 48 A.2d 237 (1946); see also *Kapa Associates* v. *Flores*, 35 Conn. Sup. 274, 277, 408 A.2d 22 (1979).[6] Accordingly, the discrepancy deprived the defendant of notice of the claims to be addressed by the court. Because the notice to quit specifically referred to § 47a-15 (C), and it is the notice to quit which confers subject matter jurisdiction; see *Kapa Associates* v. *Flores*, supra, 277; *HUD/Willow Street Apartments* v. *Gonzalez*, 68 Conn. App. 638, 654, 792 A.2d 165 (2002); the court did not have subject matter jurisdiction to render judgment pursuant to § 47a-15 (A).[7]

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to dismiss and to render judgment thereon.

In this opinion the other judges concurred.

---

[6] The plaintiff argues that a violation of § 47a-15 (A) is more serious than a violation of § 47a-15 (C). The elements needed to establish a violation of § 47a-15 (C) are not entirely included within those needed to establish a violation of § 47a-15 (A).

[7] Because of our conclusion that the court lacked subject matter jurisdiction to render a decision pursuant to § 47a-15 (A), we need not reach the defendant's next argument that the court erred in granting the plaintiff relief based on a claim that was not pleaded.