******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSEPHINE TOWERS, L.P., ET AL. *v.*
DIANA KELLY
(AC 41920)

Alvord, Moll and Beach, Js.

*Syllabus*

The plaintiffs sought, by way of summary process, to regain possession of
certain premises occupied by the defendant. The plaintiffs served on
the defendant a pretermination notice, alleging that the defendant had
violated her lease agreement, the house rules of the apartment building
where the defendant resided, and several statutory provisions (§ 47a-
11 (a) through (g)). Subsequently, a kitchen fire started in the defendant's
apartment after she began cooking on her stove and then fell asleep.
Thereafter, the plaintiffs served on the defendant a notice to quit posses-
sion of the premises. The trial court rendered a judgment of immediate
possession in favor of the plaintiffs. Thereafter, the court denied the
defendant's motions to open the judgment and to dismiss for lack of
subject matter jurisdiction, and the defendant appealed to this court,
claiming that the plaintiffs served an insufficient notice to quit. *Held*
that the trial court properly denied the defendant's motions to open
and to dismiss and the court had subject matter jurisdiction to render
judgment on the ground of nuisance: notwithstanding the defendant's
claim that the notice to quit did not adhere to statutory requirements
(§ 47a-23) in the absence of a new pretermination notice regarding the
kitchen fire, a landlord is required to provide only the statutorily required
notices, the notice to quit was required to state only that the pretermina-
tion notice had been served and that the lease had terminated on the
ground of nuisance, and the notice to quit included language that the
defendant violated § 47a-11, which states that the defendant shall not
conduct herself in a manner that constitutes a nuisance, and, thus, the
pretermination notice provided the defendant with necessary informa-
tion, and the notice to quit satisfied jurisdictional requirements.

Argued January 22—officially released September 1, 2020

*Procedural History*

Summary process action, brought to the Superior
Court in the judicial district of Waterbury, Housing Ses-
sion, and tried to the court, *Spader, J.*; judgment for the
plaintiffs; thereafter, the court denied the defendant's
motions to dismiss and to open, and the defendant
appealed to this court. *Affirmed.*

*Sally R. Zanger*, for the appellant (defendant).

*Lee N. Johnson*, for the appellees (plaintiffs).

*Opinion*

BEACH, J. In this summary process action, the defendant, Diana Kelly, appeals from the decisions of the trial court denying her motions to open the judgment and to dismiss for lack of subject matter jurisdiction. She contends that the court lacked jurisdiction and, thus, improperly denied her motions, because the plaintiffs, Josephine Towers, L.P., and SHP Management Corporation, served an insufficient notice to quit. She argues that the notice to quit was insufficient to confer jurisdiction because (1) although a pretermination notice previously had been served, the notice to quit alleged new violations that had not been included in the prior pretermination notice, and (2) the notice to quit did not adequately allege a serious nuisance. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On February 8, 2012, the defendant entered into a written lease agreement with the plaintiffs for an apartment at Josephine Towers, a federally subsidized housing complex in Waterbury. Under the terms of the lease, the defendant agreed to abide by the house rules of Josephine Towers, a copy of which she acknowledged and signed.

On October 12, 2017, pursuant to General Statutes § 47a-15, the plaintiffs served on the defendant a pretermination, or *Kapa*,[1] notice. The notice averred that the defendant had violated her lease agreement, Josephine Towers' house rules, and several statutory provisions. The notice recited eleven alleged violations of § 10 of the lease, which stated that the defendant "shall not use residence or permit it to be used for any disorderly or unlawful purpose or in any manner so as to interfere with other [r]esidents' quiet enjoyment of their residence." (Internal quotation marks omitted.) Specific allegations claimed that the defendant made false accusations against other tenants, yelled at the property manager about mail delivery, harassed other tenants for cigarettes and money, told another tenant, "I don't care if Puerto Ricans die," when that tenant refused to give her money, complained about being pushed in the elevator but refusing to call the police, verbally insulted a disabled tenant, and threatened to hit another tenant. (Internal quotation marks omitted.) The notice also asserted that the defendant had violated General Statutes § 47a-11 (a) through (g).[2] It further informed the defendant, consistent with the provisions of § 47a-15, of her opportunity to repair or remedy the violations.

On January 30, 2018, several months after the service of the pretermination notice, the Waterbury Fire Department responded to a report of a fire in the defendant's apartment. The resulting investigation report indicated that a fire started after the defendant began

cooking on her kitchen stove but then fell asleep, leaving the stove unattended. The fire caused $330 in damages. The plaintiffs did not serve a second pretermination notice in response to the fire but, rather, on February 10, 2018, served a notice to quit possession of the premises on or before February 26, 2018.

Not a model of brevity, the notice to quit alleged several types of violations as bases for eviction. It first reiterated the lease violations recited in the pretermination notice and claimed that those violations had not been cured or remedied. It then added an allegation regarding the kitchen fire of January 30, 2018, and the reasons why the defendant's conduct regarding the fire violated lease provisions and the tenant's statutory obligations pursuant to § 47a-11. Finally, the notice to quit stated that the defendant's conduct constituted a nuisance, as defined in General Statutes § 47a-32, or a serious nuisance, as defined in § 47a-15.

The plaintiffs served a summons and summary process complaint on March 8, 2018. The complaint alleged two counts. The first count restated the allegations of the pretermination notice and claimed lease violations. The second count incorporated the allegations of the first count and added a paragraph regarding the fire, asserting that the defendant's conduct concerning the fire violated § 47a-11 and created a nuisance. The second count specifically alleged a violation of General Statutes § 47a-23 (a) (1) (F), which provides that a violation of § 47a-11 may be a ground for an eviction. After a bench trial, the court, *Spader, J.*, rendered judgment of immediate possession in favor of the plaintiffs on June 20, 2018. The stated ground in the judicial notice of the judgment was serious nuisance; the court later stated, in the course of its articulation of the bases for denial of the motion to open and the motion to dismiss, that although the coded judicial notice referred only to the ground of serious nuisance, judgment was actually rendered in favor of the plaintiffs on both counts of the complaint.[3] The judgment was not appealed and an execution was issued on June 28, 2018, but this execution was "returned unsatisfied."

The defendant, while still represented by counsel who had represented her at trial, filed, as a self-represented party, an application for a temporary injunction and a motion to quash execution (audita querela) on July 17, 2018. On July 18, 2018, counsel for the defendant moved for permission to withdraw his appearance. On July 25, 2018, new counsel entered her appearance; on the same day, the defendant filed motions to dismiss and to open the judgment.

The court considered all of the pending motions at a hearing on July 25, 2018. The gravamen of the defendant's motions to open and to dismiss was that the notice to quit, in light of the pretermination notice, was insufficient to confer subject matter jurisdiction.

Essentially, the defendant made two arguments: (1) the notice to quit did not claim a serious nuisance, for which the court rendered judgment; and (2) as to the ground of lease violations, the plaintiffs had failed to serve a pretermination notice regarding the kitchen fire. The court denied all of the defendant's motions. The defendant vacated the premises on July 30, 2018.[4]

On October 15, 2018, the defendant moved for articulation of the factual and legal bases on which the court had rendered its decision denying her motions to open and to dismiss. The court issued an articulation on October 29, 2018. In its articulation, the court explained that several factual premises of the defendant's memorandum of law in support of her motion to dismiss were incorrect, in that, contrary to an assertion in the defendant's memorandum, serious nuisance was mentioned in the notice to quit, and a pretermination notice had been served as to the other lease violations. The court also explained that, despite the fact that the judicial notice of the judgment mentioned only serious nuisance, it had actually found that the allegations of lease violations were also proven, such that judgment had been rendered in favor of the plaintiffs on both counts. The court thus adhered to its prior decision regarding the motions to open and to dismiss. This appeal followed. Additional facts and procedural history will be set forth as necessary.

The defendant appeals from the denial of her motions to dismiss and to open the judgment, which motions were filed after the time to appeal from the judgment had run. The denial of the motions constitutes an appealable event, but only the propriety of the court's action regarding the posttrial motions, rather than the merits of the underlying judgment, may be considered on appeal. See, e.g., *Alix* v. *Leech*, 45 Conn. App. 1, 3–4, 692 A.2d 1309 (1997).

The gravamen of both motions is that the court lacked subject matter jurisdiction because of defects in the notice to quit. The motions were filed on the same day on which the court heard the parties and decided the motions. The court appeared to consider the motion to dismiss first and the motion to open second. Although technically the court should have ruled on the motion to open before any other motion was entertained, the nearly simultaneous filing and consideration of the two motions in this case, together with the identity of issues presented in the motions, compel the conclusion that declining to address the merits of the motions would be a hypertechnical elevation of form over substance. See *Weinstein & Wisser, P.C.* v. *Cornelius*, 151 Conn. App. 174, 179, 94 A.3d 700 (2014) (holding that trial court's dismissal of "inextricably intertwined" motions to open and dismiss did not render appeal moot because "[t]he motions asserted the same grounds and sought very similar relief" (internal quotation marks omitted)).

Our review of the claim of lack of subject matter jurisdiction is plenary. See, e.g., *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532, 911 A.2d 712 (2006); *Ins. Co. of Pennsylvania* v. *Waterfield*, 102 Conn. App. 277, 281–82, 925 A.2d 451 (2007). The determination of whether a trial court lacked subject matter jurisdiction in the present case is based on a review of the documents in the record.

A brief overview of the statutory scheme provides useful context to the analysis of the present claim. "Summary process is a statutory remedy which enables the landlord to recover possession from the tenant upon the termination of a lease. . . . Pursuant to § 47a-15, before a landlord may proceed with a summary process action, except in those situations specifically excluded, the landlord must first deliver a [pretermination] notice to the tenant specifying the alleged violations and offer the tenant a . . . period to remedy. . . . The legislative purpose . . . is to discourage summary evictions against first offenders . . . . [I]f substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of [General Statutes §§] 47a-23 to 47a-23b, inclusive." (Citations omitted; internal quotation marks omitted.) *Housing Authority* v. *Rodriguez*, 178 Conn. App. 120, 126–27, 174 A.3d 844 (2017).

Section 47a-15 provides in relevant part that "[p]rior to the commencement of a summary process action, except in the case in which the landlord elects . . . to evict based on nonpayment of rent [or] on conduct by the tenant which constitutes a serious nuisance . . . if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than fifteen days after receipt of the notice." Section 47a-15 further provides that a landlord may proceed to serve a notice to quit pursuant to §§ 47a-23 through 47a-23b if (1) where the breach can be remedied by repair, the tenant fails within fifteen days to remedy the breach or to pay damages, or (2) "substantially the same act or omission for which notice was given recurs within six months . . . ." Section 47a-15 further defines the term "serious nuisance."

The notice to quit, in turn, terminates the lease and provides the jurisdictional basis for the summary process action. See *Vidiaki, LLC* v. *Just Breakfast &*

*Things!!! LLC*, 133 Conn. App. 1, 17, 33 A.3d 848 (2012) ("[a] notice to quit is a condition precedent to a summary process action and, if defective, deprives the court of subject matter jurisdiction" (internal quotation marks omitted)). Section 47a-23 (a) (1) lists the grounds that may provide the basis for eviction, providing that a rental agreement or lease may terminate for, inter alia, "(C) violation of the rental agreement or lease or of any rules or regulations . . . [or] (F) violation of section 47a-11 or subsection (b) of section 21-82 . . . [or] (G) nuisance, as defined in section 47a-32, or serious nuisance, as defined in section 47a-15 . . . ." Section 47a-23 (b) prescribes the form of the notice to quit: it must include the reason for terminating the rental agreement, but the reason is to be expressed in "statutory language or words of similar import . . . ."

If the tenant fails to vacate the premises within the designated time, the landlord may cause a complaint to be served; see General Statutes § 47a-23a; and the merits may be decided by the Superior Court.

If an eviction is based on a claim of serious nuisance, then, as that term is defined in § 47a-15, a pretermination notice is not required. A landlord may simply serve a notice to quit alleging serious nuisance[5] and, if appropriate, move to the next step. If the eviction is based on a lease violation other than nonpayment of rent and/ or material noncompliance with the tenant's obligations as prescribed in § 47a-11, then a pretermination notice and opportunity to cure are required before a notice to quit may be served to terminate the tenancy. See General Statutes § 47a-15.

Turning to the application of the principles described herein to the circumstances of the present case, we first consider whether the trial court had subject matter jurisdiction to render judgment on the ground of nuisance.[6] We conclude that it did.

The pretermination notice of October 12, 2017, stated that the defendant was materially noncompliant with the rental agreement, house rules, and the requirements of §§ 47a-11 (a) through (g) and 47a-32.[7] The notice listed eleven specific examples of the defendant's behavior that allegedly interfered with other tenants' quiet enjoyment of their residences, and included language from § 47a-15 regarding the opportunity to remedy and the consequences of recurring behavior within six months. The defendant does not appear to contest that examples of conduct constituting nuisance were included in the pretermination notice.

The notice to quit, served approximately four months after the pretermination notice, repeated the statements included in the pretermination notice and added a reference to the kitchen fire of January 30, 2018. The defendant argues that her conduct with respect to the kitchen fire is not "substantially the same act or omission" as

the eleven specific allegations included in the pretermination notice, and, therefore, that the notice to quit did not adhere to statutory requirements in the absence of a new pretermination notice regarding the kitchen fire. (Internal quotation marks omitted.) She argues that the court, therefore, lacked jurisdiction to proceed.

We disagree with the defendant's conclusion. In *Housing Authority* v. *Martin*, 95 Conn. App. 802, 814, 898 A.2d 245, cert. denied, 280 Conn. 904, 907 A.2d 90 (2006), we held that a landlord is required to provide only the statutorily required notices. "[Section 47a-15] indicates that the landlord *shall* deliver a written notice to the tenant . . . specifying the breach or violation, that the tenant has fifteen days to remedy the breach if it can be remedied and that the rental agreement shall not terminate if a breach is remedied within the cure period. Because the statute specifically provides that the landlord must deliver the pretermination notice specifying the acts or omissions claimed to be in violation of the lease, our case law has established that a landlord must plead compliance with the notice requirements in a summary process action. . . .

"Although the statute provides that the rental agreement will not terminate if the tenant can and does remedy a breach within the fifteen day period, it does not *require* the landlord to do anything more than deliver the specified written notice. The statutory language places an obligation on the landlord to deliver the pretermination notice. In this case, the landlord has alleged that it did deliver the requisite pretermination notice. *The notice claims that the tenant's breach is not remediable. We conclude that there was no need to allege that there was a continuing violation. If a violation is not remediable, it is irrelevant if it continues.*

"If a tenant claims that a breach can be and has been remedied and is no longer continuing, the tenant should state those claims in a special defense to the summary process action." (Citations omitted; emphasis altered; internal quotation marks omitted.) Id., 813–14.

The context of *Martin* is somewhat different from the record in the present case, in that the appeal in *Martin* arose from a judgment in favor of the tenant after the trial court granted a motion to strike the complaint on the ground that the complaint failed to allege that the defendant had failed to remedy violations of the lease agreement and §§ 47a-11 and 47a-32. Id., 803–804. The principles announced in *Martin*, however, apply directly to the circumstances of the present case. Once the landlord serves the pretermination notice prescribed in § 47a-15, setting forth violations of a rental agreement, house rules and regulations, and material noncompliance with the tenant's obligations pursuant to § 47a-11 or § 47a-32, the landlord has no obligation prior to the service of the notice to quit to articulate

just how the situation has not been remedied; the point of the pretermination notice is to put the tenant on notice that he or she will be subject to eviction if the violation is not remedied or, as in this case, if behavior constituting nuisance continues.

The notice to quit, on the other hand, serves the entirely different purpose of terminating the lease and providing the jurisdictional basis for a summary process action. See *Vidiaki, LLC* v. *Just Breakfast & Things!!! LLC*, supra, 133 Conn. App. 18–20. Section 47a-23 (b) prescribes the form to be followed in drafting a notice to quit: the notice is to identify, quite perfunctorily, the parties, the premises, the quit date, and the reason for termination of the lease or rental agreement. The reason need only follow the statutory language.

The distinction is developed in *Vidiaki, LLC* v. *Just Breakfast & Things!!! LLC*, supra, 133 Conn. App. 19–20 n.7: "Section 47a-15 is designed to provide notice to the tenant specifying the alleged violations and offer the tenant a period of time to remedy. . . . Under § 47a-15 [i]f the tenant can remedy the violation by repair or by paying damages . . . the rental agreement continues. If the violation is not or cannot be remedied, the landlord may institute a summary process action . . . . There is a clear distinction between the two statutory provisions: A pretermination notice . . . does not have the effect of terminating a tenancy or of altering the relationship of the landlord and tenant. . . . In contrast, it is well established that service of a notice to quit possession pursuant to § 47a-23 is typically an unequivocal act terminating a lease agreement with a tenant. . . . Thus, § 47a-15 requires a necessary level of specificity in order to provide the tenant with the opportunity to remedy the violation. In contrast, a notice to quit under § 47a-23 terminates the lease agreement, and there is no opportunity to remedy the violation. It follows that a notice to quit . . . does not require the same level of specificity as required under § 47a-15." (Citations omitted; internal quotation marks omitted.)

The notice to quit in the present case, then, for the purpose of establishing nuisance as a ground for eviction, was required to state only that the pretermination notice had been served and that the lease had terminated on the ground of nuisance, as defined in § 47a-32. The notice to quit included language stating that "you have violated . . . § 47a-11 . . . which states that you shall conduct yourself . . . in a manner that will not disturb . . . [neighbors'] peaceful enjoyment of the premises or *constitute a nuisance as defined in § 47a-32* . . . ." (Emphasis added.)

Because the pretermination notice provided the defendant with necessary information,[8] and because the notice to quit satisfied jurisdictional requirements, we conclude that the trial court properly denied the defen-

dant's motions to open and to dismiss. We further conclude that the court had subject matter jurisdiction to render judgment on the ground of nuisance.[9] Because of our conclusion that the notice to quit conferred subject matter jurisdiction on the court to render judgment on the ground of nuisance, we need not consider the defendant's second issue on appeal, that serious nuisance was not sufficiently stated as a ground in the notice to quit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] See *Kapa Associates* v. *Flores*, 35 Conn. Supp. 274, 408 A.2d 22 (1979).

[2] General Statutes § 47a-11 provides in relevant part: "A tenant shall: (a) Comply with all obligations primarily imposed upon tenants by applicable provisions of any building, housing or fire code materially affecting health and safety . . . (f) not wilfully or negligently destroy, deface, damage, impair or remove any part of the premises permit any other person to do so; (g) conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32, or a serious nuisance, as defined in section 47a-15 . . . ."

[3] According to the trial court, if judgment is rendered on two or more grounds, the ground corresponding to the shortest resulting stay of execution will be coded. The court stated in a footnote of its articulation that, "[p]rocedurally, in all summary process cases in which the [p]laintiff has claimed multiple counts and/or statutory causes of action, the clerks of our courts 'code' the judgment under one count for the purposes of determining how to handle the filing of an Application for Stay of Execution pursuant to . . . General Statutes § 47a-37 et seq. Here, while the clerk coded the judgment as 'serious nuisance,' judgment entered in favor for plantiff[s] in full on BOTH counts of [their] complaint."

[4] Although vacating the premises ordinarily causes an appeal from a summary process judgment to be rendered moot; see, e.g., *Bridgeport* v. *Grace Building, LLC*, 181 Conn. App. 280, 295, 186 A.3d 754 (2018) ("[a]s a general matter, this court has concluded that an appeal has become moot when, at the time of the appeal, an appellant no longer is in possession of the premises"); the parties agree that eviction from subsidized housing causes collateral consequences such that mootness is avoided. See id., 295–96 ("[the] general [mootness] rule does not apply when an appellant can demonstrate that 'the judgment has potentially prejudicial collateral consequences to the defendant' ").

[5] The defendant argues that some specificity in the allegation of serious nuisance is required, such as the specific statutory subsection relied on. Because we conclude that the notice to quit confers jurisdiction on the ground of nuisance, rather than serious nuisance, we need not reach this claim.

[6] There is some confusion in the record as to what ground or grounds formed the basis for the judgment. As stated previously, the judicial notice of judgment states serious nuisance as the sole ground. At the conclusion of the June 20, 2018 hearing, the court stated: "So [the] plaintiff established its case for nuisance and the equitable factors do not offset that judgment . . . ." The court later stated in its articulation that it had found all counts of the complaint were proven. In any event, the court's statement at the time it rendered judgment establishes that judgment was rendered, at a minimum, on the ground of nuisance.

[7] General Statutes § 47a-32 provides: "In any action of summary process based upon nuisance, that term shall be taken to include, but shall not be limited to, any conduct which interferes substantially with the comfort or safety of other tenants or occupants of the same or adjacent buildings or structures."

[8] We do not address the issue of whether there was sufficient evidence for the court to conclude that judgment should be rendered on the ground of nuisance; the inquiry necessary to address that issue would include the question of whether the defendant committed acts or omissions of substantially the same character as those referenced in the pretermination notice. The issue of the sufficiency of the evidence is different from the jurisdictional issues raised in the defendant's posttrial motions and on appeal.