******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SERAMONTE CT, LLC *v.* GRETA BLAU ET AL.
(AC 47955)

Elgo, Moll and Bear, Js.

*Syllabus*

The defendant tenants appealed from the trial court's judgment denying their motion for attorney's fees filed pursuant to the statute (§ 42-150bb) governing the successful prosecution or defense by a consumer of an action based on a lease entered into with a commercial entity. They claimed that they were entitled to an award of attorney's fees after the trial court found in their favor on the summary process action brought against them by the plaintiff landlord. *Held*:

The trial court properly denied the defendants' motion for attorney's fees filed pursuant to § 42-150bb, as the plaintiff's notice to quit and summary process action, which alleged serious nuisance, were not based on a breach of the parties' lease, and, therefore, § 42-150bb was inapplicable.

Argued April 17—officially released December 23, 2025

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of New Haven, Housing Session, and tried to the court, *Spader, J.*; judgment for the defendants; thereafter, the court, *Spader, J.*, denied the defendants' motion for attorney's fees, and the defendants appealed to this court. *Affirmed.*

*Shelley A. White*, for the appellants (defendants).

*Ian G. Gottlieb*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendants, Greta Blau and Paul Boudreau, appeal from the judgment of the trial court denying their motion for attorney's fees filed pursuant to General Statutes § 42-150bb. The dispositive issue in this appeal is whether the court improperly concluded that the attorney's fees sought by the defendants were not authorized by § 42-150bb because the serious nuisances alleged in the underlying summary process

action were not based on the defendants' residential lease with the plaintiff, Seramonte CT, LLC. We conclude that the trial court properly determined that reciprocal attorney's fees were not available to the defendants pursuant to § 42-150bb under the facts and circumstances of this case.[1] Accordingly, the court properly denied the defendants' motion for attorney's fees.

The record reveals the following procedural history and facts found by the court. On or about March 1, 2022, the plaintiff entered into a one year lease with the defendants for the premises known as 63 Kaye View Drive, Apartment B, in Hamden. At that time, the defendants took possession of the premises. Several months later, Blau engaged in threatening conduct toward agents of the plaintiff on two separate occasions in June, 2022.

The first occasion of Blau's threatening conduct involved the plaintiff's attorney in a courthouse. Blau interrupted a separate summary process matter involving the plaintiff's attorney. Blau "aggressively approached the plaintiff's attorney in the hallway and caused her to nearly fall and injure herself, but for her being 'caught' by her cocounsel." The second occasion of Blau's threatening conduct involved the employees of a towing company that the plaintiff utilized to enforce its parking policies at the premises. Specifically, Blau used "her vehicle to block the two truck drivers called to the premises and she screamed vulgarities and used obscene gestures towards the plaintiff's contractors. She accused the owner of the tow truck company of

---

[1] As a result of our conclusion, we need not address the defendants' additional claim that the trial court improperly concluded that the language of the attorney's fees provision in the parties' lease precluded an award of such fees to the defendants under § 42-150bb.

being a racist and pedophile and harassed him through phone calls and disparaging behavior. . . . [The court commented that her] behavior is well beyond her self-described term of 'immature' and is not to be condoned."

As a result of these incidents, the plaintiff served the defendants with a notice to quit possession of the premises on July 13, 2022.[2] The notice to quit stated that Blau had committed a serious nuisance by "inflicting bodily harm upon the [plaintiff's] agents or threatening to inflict such harm with the present ability to affect such harm under the circumstances which would lead a reasonable person to believe that such threat will be carried out" as a result of her conduct toward the employees of the towing company and the plaintiff's attorney. Furthermore, the notice to quit indicated that Boudreau had committed a serious nuisance by violating General Statutes § 47a-11 (g) "by failing to require other persons [namely, Blau] living in the premises with [his] consent to conduct themselves in a manner that will not constitute serious nuisance . . . ."

The defendants did not vacate the premises, and the plaintiff commenced a summary process action.[3] The

[2] A notice to quit terminates a lease and provides the jurisdictional basis for a summary process action if the tenant does not vacate the premises within the designated time. See *Towers* v. *Kelly*, 199 Conn. App. 829, 840, 238 A.3d 732, cert. denied, 335 Conn. 966, 240 A.3d 281 (2020); see also *Prime Management, LLC* v. *Arthur*, 217 Conn. App. 737, 749, 290 A.3d 401 (2023); *Housing Authority* v. *Hird*, 13 Conn. App. 150, 155, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988).

[3] "[S]ummary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Internal quotation marks omitted.) *Housing Authority* v. *Stevens*, 209 Conn. App. 569, 575, 267 A.3d 927, cert. denied, 343 Conn. 907, 273 A.3d 234 (2022); see also *St. Paul's Flax Hill Co-operative* v. *Johnson*, 124 Conn. App. 728, 733, 6 A.3d 1168 (2010), cert. denied, 300 Conn. 906, 12 A.3d 1002 (2011).

plaintiff asserted four counts in its complaint: two counts of serious nuisance as to Blau, one count of serious nuisance as to Boudreau, and one count of no right or privilege to occupy the premises as to Boudreau. The court granted a motion to strike the last count of the summary process complaint, and a trial was held on the three remaining counts on April 12, 2024. Ten days later, the court, *Spader, J.*, issued a memorandum of decision. It concluded that Blau's conduct with respect to the towing company employees and the attorney employed by the plaintiff would have constituted a serious nuisance had it been done to employees of the plaintiff or another tenant.[4] Nevertheless, pursuant to the statutory language, a serious nuisance requires that the actions complained of be directed at another tenant or the landlord. The court further explained that, although Blau's conduct was "indefensible . . . the incidents do not fit within the statutory 'serious nuisance' framework." The court, therefore, did not address the third count of the summary process complaint directed at Boudreau, which alleged that he had failed to require that Blau conduct herself in a manner that did not constitute a serious nuisance, or the defendants' special defenses. It rendered judgment in favor of the defendants.

---

[4] Our Supreme Court has instructed that, to meet the statutory definition of serious nuisance, the conduct at issue must be shown to be immediate and serious. See *Cardinal Realty Investors, LLC* v. *Bernasconi*, 287 Conn. 136, 140, 946 A.2d 1242 (2008). We also note that decisions of the Superior Court have stood for the proposition that a party alleging a serious nuisance bears a "heavy burden" of demonstrating more than a mere nuisance or material noncompliance with the duties of a tenant. *Ansonia Acquisitions I, LLC* v. *Jones*, Superior Court, judicial district of Middlesex, Docket No. CV-22-6033936-S (August 29, 2023); see also *Marion* v. *Fusco*, Superior Court, judicial district of New Haven at Meriden, Docket No. CV-20-5012843-S (March 18, 2021); *Bates Woods Apartments* v. *Whitehead-Swain*, Superior Court, judicial district of New London, Docket No. CV-07-1023174-S (July 18, 2007).

On May 21, 2024, the defendants moved for attorney's fees in the amount of $31,195 pursuant to § 42-150bb.[5] In the attached memorandum of law, the defendants argued that, as the prevailing parties, they were entitled to such fees because paragraph 19 of the parties' lease provided that, if the plaintiff brought proceedings to evict the defendants from the premises, it would be entitled to "any attorney's fees or other fees and costs associated with the removal of [the defendants] . . . ." The defendants attached an affidavit of attorney's fees and a copy of the parties' lease to their motion. The defendants further asserted that, having demonstrated their entitlement to attorney's fees, the court had "no latitude" to deny this motion.

On May 31, 2024, the plaintiff filed an objection to the defendants' motion for attorney's fees. It argued therein that the notice to quit, and the subsequent summary process action, were based on serious nuisance and not a breach of the lease. Specifically, it asserted that courts "have consistently recognized the independent nature of a serious nuisance cause of action as one that is borne out of statutory creation and exists independently rather than as a product of the contractual relationship . . . ." It further argued that this statutory basis for summary process existed even if the lease were not valid, or if a lease did not exist at all. On June 17, 2024, the defendants filed a reply to the plaintiff's

---

[5] The defendants were represented by attorneys from New Haven Legal Assistance Association, Inc. (NHLLA). In the defendants' motion for attorney's fees, they asserted that NHLLA is a nonprofit organization that provides free legal services to its clients. This court has recognized that, as a general matter, such organizations are entitled to awards of attorney's fees under the appropriate circumstances. See generally *Benavides* v. *Benavides*, 11 Conn. App. 150, 152–56, 526 A.2d 536 (1987). We note that the plaintiff has not challenged or disputed that NHLLA was eligible for an award of attorney's fees on the basis of its nonprofit status. Additionally, the trial court remarked in its memorandum of decision that it "has regularly found that legal aid societies are able to claim legal fees for the provision of their services."

objection. They countered that the summary process action was based on the parties' lease.

On August 19, 2024, the court issued a memorandum of decision denying the defendants' motion for attorney's fees. After reviewing § 42-150bb, and noting that the lease had not been presented as an exhibit at the summary process trial, the court determined that the defendants were not entitled to attorney's fees because the summary process action was not based on the contract, i.e., the lease, between the parties. Additionally, the court concluded that, on the basis of the language used in paragraph 19 of the lease, the plaintiff would not have been entitled to attorney's fees had it prevailed, and, therefore, there was no reciprocal basis to award the defendants such fees. Accordingly, it denied the defendants' motion. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the defendants claim that the court improperly denied their motion for attorney's fees when it concluded that (1) this summary process action was outside of the scope of § 42-150bb and (2) the language of the attorney's fees provision in paragraph 19 of the parties' lease would not have supported an award of attorney's fees to the plaintiff had it prevailed in the summary process action, and therefore no reciprocal basis existed to award such fees to the defendants. The plaintiff counters that the court's conclusions regarding the denial of the attorney's fees were proper. We conclude that, in the present case, the trial court properly determined that the notice to quit and the summary process action filed by the plaintiff alleging serious nuisance were not based on the lease between the parties and, therefore, § 42-150bb does not apply in this instance.[6] Accordingly, the court properly denied the defendants' motion for attorney's fees.

---

[6] As a result of this conclusion, we need not reach the defendants' second claim that the trial court improperly determined that they were not entitled to attorney's fees due to the specific language in the parties' lease.

The defendants' claim requires us to interpret § 42-150bb and determine its applicability to the present matter. Accordingly, we employ the plenary standard of review. See *Centrix Management Co.*, *LLC* v. *Valencia*, 145 Conn. App. 682, 687, 76 A.3d 694 (2013); see also *Kenosia Commons*, *Inc.* v. *DaCosta*, 161 Conn. App. 668, 673, 129 A.3d 730 (2015); *Athena Holdings*, *LLC* v. *Marcus*, 160 Conn. App. 470, 475, 125 A.3d 290, cert. denied, 320 Conn. 908, 128 A.3d 952 (2015).[7] We follow the plain meaning rule pursuant to General Statutes § 1-2z when construing statutes to ascertain and give effect to the apparent intent of the legislature. See *Boardwalk Realty Associates*, *LLC* v. *M & S Gateway Associates*, *LLC*, 340 Conn. 115, 126, 263 A.3d 87 (2021). "In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning . . . § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Connecticut Housing Finance Authority* v. *Alfaro*, 328 Conn. 134, 141–42, 176 A.3d 1146 (2018).

We begin our analysis with the statutory language. Section 42-150bb provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, *an attorney's fee shall be awarded*

---

[7] We disagree with the plaintiff's contention in its appellate brief that the abuse of discretion standard applies to the claims advanced by the defendants in this appeal.

*as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . .* For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." (Emphasis added.) This court expressly has recognized that a tenant who has prevailed against a landlord in a summary process action may be entitled to attorney's fees pursuant to § 42-150bb. *Centrix Management Co., LLC* v. *Valencia*, supra, 145 Conn. App. 689–92; see also *Wilkes* v. *Thomson,* 155 Conn. App. 278, 281, 109 A.3d 543 (2015).

Next, we consider the relevant appellate decisions of this state that have addressed § 42-150bb. Section 42-150bb is "in derogation of the common law. Specifically, [t]he general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Connecticut adheres to the American rule. . . . Section 42-150bb is, however, one of [the] exceptions to the common-law rule." (Internal quotation marks omitted.) *Athena Holdings, LLC* v. *Marcus*, supra, 160 Conn. App. 476; see also *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 72–73, 689 A.2d 1097 (1997); *Trugreen Landcare, LLC* v. *Elm City Development & Construction Services, LLC*, 101 Conn. App. 11, 14–15, 919 A.2d 1077 (2007).

Additionally, we have explained that the purpose of this statute is to bring parity between commercial entities and consumers who successfully defend an action on a contract prepared by such an entity. *Athena Holdings, LLC* v. *Marcus*, supra, 160 Conn. App. 476; see

also *Centrix Management Co., LLC* v. *Fosberg*, 349 Conn. 765, 777–79, 322 A.3d 317 (2024) (discussing equitable purpose of § 42-150bb); *Aaron Manor, Inc.* v. *Irving*, 307 Conn. 608, 617–18, 57 A.3d 342 (2013) (same). "Stated differently, when a commercial entity enters into a consumer contract that provides the commercial entity with the contractual right to recover attorney's fees, § 42-150bb provides consumers with a reciprocal statutory right to recover attorney's fees if he or she successfully prosecutes or defends an action or counterclaim." *Athena Holdings, LLC* v. *Marcus*, supra, 476.

Next, we set forth the relevant legal principles regarding summary process and serious nuisance. "The ultimate issue in a summary process action is the right to possession. *Southland Corp.* v. *Vernon*, 1 Conn. App. 439, 443, 473 A.2d 318 (1984). Summary process is a statutory proceeding that is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession." (Internal quotation marks omitted.) *Kenosia Commons, Inc.* v. *DaCosta*, supra, 161 Conn. App. 673; see also *Housing Authority* v. *DeRoche*, 112 Conn. App. 355, 361, 962 A.2d 904 (2009). General Statutes § 47a-15 provides that, except for those situations specifically excluded, a landlord must deliver a pretermination notice to the tenant specifying the alleged violations before proceeding with a summary process action. See *Housing Authority* v. *Stevens*, 209 Conn. App. 569, 575, 267 A.3d 927, cert. denied, 343 Conn. 907, 273 A.3d 234 (2022). The pretermination notice affords the tenant the opportunity to remedy the violation and avoid a summary eviction. See id.

Situations involving a serious nuisance are among those specifically excluded from the pretermination notice requirement. "When a landlord elects . . . to evict based on . . . conduct by the tenant which constitutes a serious nuisance; General Statutes § 47a-15;

however, a pretermination notice is not required." (Internal quotation marks omitted.) Id., 575–76; see also *Towers* v. *Kelly*, 199 Conn. App. 829, 837, 238 A.3d 732, cert. denied, 335 Conn. 966, 240 A.3d 281 (2020); see generally *Bridgestone Realty Corp.* v. *Mendoza*, 50 Conn. Supp. 125, 128, 918 A.2d 1064 (2006) (§ 47a-15 exempts landlords from serving pretermination notice where tenant commits serious nuisance).

A serious nuisance under this statutory scheme may occur in one of four ways. See *Suburban Greater Hartford Realty Management Corp.* v. *Edwards*, 123 Conn. App. 295, 300, 1 A.3d 1138 (2010). As provided in § 47a-15, serious nuisance means "[1] inflicting bodily harm upon another tenant or the landlord or threatening to inflict such harm with the present ability to effect the harm and under circumstances which would lead a reasonable person to believe that such threat will be carried out, [2] substantial and wilful destruction of part of the dwelling unit or premises, [3] conduct which presents an immediate and serious danger to the safety of other tenants or the landlord, or [4] using the premises or allowing the premises to be used for prostitution or the illegal sale of drugs or, in the case of a housing authority, using any area within fifteen hundred feet of any housing authority property in which the tenant resides for the illegal sale of drugs."

In the present case, the plaintiff claimed that Blau's conduct toward the plaintiff's attorney and its towing contractor constituted a serious nuisance and that Boudreau, in failing to require Blau to conduct herself in a manner that did not constitute a serious nuisance, committed a serious nuisance in violation of § 47a-11 (g).[8] The plaintiff's attempt to regain possession of the

---

[8] General Statutes § 47a-11 provides in relevant part that "[a] tenant shall . . . (g) conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises or constitute . . . a serious nuisance, as defined in section 47a-15 . . . ."

premises, therefore, was not based on the terms or language of the lease but, rather, on the provisions of §§ 47a-11 (g) and 47a-15, which provide a remedy to the landlord on the basis of acts alleged to be a serious nuisance.

Our Supreme Court's decision in *Anderson* v. *Latimer Point Management Corp.*, 208 Conn. 256, 545 A.2d 525 (1988), provides helpful guidance in the present matter. In that case, the plaintiff, a resident of Latimer Point, Stonington, commenced an equitable action against the defendant, a nonstock corporation created to lease, sublease, maintain and improve the Latimer Point peninsula, and fourteen present and past directors of said corporation. Id., 257–59. The basis for the action was the denial by the defendant corporation of the plaintiff's request to add a second story to his dwelling. Id., 260. In that action, the plaintiff sought an injunction that restrained the defendants from interfering with his proposed use of the leased property in a number of respects. Id. He also requested, among other things, attorney's fees. Id., 259. The defendants, in turn, filed a counterclaim in which they sought an injunction against the plaintiff with respect to the use of the property. Id., 265.

In ruling on the plaintiff's complaint, the trial court found some issues in favor of the plaintiff and some in favor of the defendants. Specifically, the trial court enjoined the defendants from "(1) interfering with the plaintiff's maintenance of certain shrubs, trees and other vegetation; (2) interfering with the plaintiff's membership in [the defendant corporation] upon his payment of certain past due assessments; (3) pursuing the collection or levy of past fines from the plaintiff; and (4) pursuing a contemplated eviction of the plaintiff." Id., 258. The court did not, however, grant an injunction restraining the defendant corporation's interference with his proposed second story addition to this

cottage; it also concluded that the plaintiff should pay a portion of past due assessments, and refused to award attorney's fees. Id., 258–59. With respect to the defendants' counterclaim, the court rendered judgment for the plaintiff. Id., 265. It did so on the basis of inadequate bylaws that were "impermissibly vague and without standards." Id., 260.

On appeal in *Anderson*, the plaintiff challenged, inter alia, the trial court's refusal to award him attorney's fees pursuant to § 42-150bb. "The trial court found that the sublease here in issue, which provided for attorneys' fees to the [defendant corporation], fell within this statutory definition of a 'lease' but declined to award counsel fees for the reason that the plaintiff had not successfully prosecuted a claim under the lease." Id., 265. In agreeing with the trial court's reasoning, our Supreme Court explained that the orders regarding "vegetation, assessments, [corporation] membership and eviction were all based on inadequacies found by the court in the [corporation] bylaws and not in [considerations involving] the sublease. Thus, the court was correct in concluding that the plaintiff had not successfully prosecuted his action under the lease." Id. In other words, to the extent that the plaintiff in *Anderson* had prevailed, it was due to the inadequate bylaws and not on considerations involving the sublease. Id., 266; see also *Retained Realty, Inc.* v. *Spitzer*, 643 F. Supp. 2d 228, 236 (D. Conn. 2009) (explaining that attorney's fees under § 42-150bb are not available when party prevails on claim for reasons other than opposing party's breach of contract).

Similarly, in *Gardner Heights Health Care Center, Inc.* v. *Korolyshun*, 117 Conn. App. 745, 746–47, 982 A.2d 186 (2009), this court concluded that § 42-150bb did not apply when the underlying action was a tort, rather than a contract claim. In that case, the plaintiff filed an action against the defendant alleging a breach

of fiduciary duty as a conservator. The defendant prevailed and sought attorney's fees. In affirming the judgment denying the motion for such fees, we stated: "The underlying action here, however, was not a contract claim but was a claim of breach of fiduciary duty, which is a tort claim. . . . Accordingly, because § 42-150bb is not applicable to the action at hand, the court properly denied the defendant's motion for attorney's fees." (Citation omitted.) Id., 747.

In the present case, the plaintiff's notice to quit and summary process action were not based on a breach of the parties' lease but, rather, on Blau's conduct that was alleged to constitute a serious nuisance as defined in our summary process statutes. As specifically stated in the notice to quit, the plaintiff set forth a claim that Blau had committed a serious nuisance by inflicting bodily harm upon the plaintiff's agents, or threatened to inflict such harm under circumstances that would lead a reasonable person to believe that such threat would be carried out when Blau (1) threatened the plaintiff's towing agent and (2) assaulted the plaintiff's attorney. The plaintiff also asserted these claims in counts one and two of its summary process complaint. With respect to Boudreau, the plaintiff alleged in the notice to quit and count three of its summary process complaint that he had committed a serious nuisance by violating § 47a-11 (g) by failing to require Blau to conduct herself in a manner that would not constitute a serious nuisance. The plaintiff sought to regain possession of the premises on a statutory basis, as opposed to a specific violation of the contract between the parties.

Section 42-150bb expressly requires that the consumer successfully prosecute or defend an action based on the contract in order to be entitled to attorney's fees when there is a unilateral fee provision. See, e.g., *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 71. Our

Supreme Court recently interpreted the phrase " 'based . . . upon' " in § 42-150bb with respect to the amount of the attorney's fees awarded to a consumer. *Centrix Management Co., LLC* v. *Fosberg*, supra, 349 Conn. 767. Specifically, it explained that this phrase was not defined in the statutory language, and that the meanings in various dictionaries in print at the time of the statute's enactment "all share a core principle: to base something on another thing means to use the base as the foundation." Id., 772. The parties' lease was neither the foundation of the plaintiff's summary process action nor the reason that the defendants prevailed in that matter. See *Retained Realty, Inc.* v. *Spitzer*, supra, 643 F. Supp. 2d 236. As we have explained, the plaintiff's summary process action was based on the plaintiff's allegations of conduct constituting a serious nuisance, which in turn is premised on our statutes. Furthermore, the defendants prevailed in the summary process action not as a result of the parties' lease, but because the allegations against them were outside the statutory language of § 47a-15 (a). The trial court specifically explained that "the incidents were directed at independent contractors of the plaintiff *and do not fit the strict confines of the serious nuisance statute.*" (Emphasis added.) For these reasons, we conclude that the trial court properly denied the defendants' motion for attorney's fees filed pursuant to § 42a-150bb.

The judgment is affirmed.

In this opinion the other judges concurred.